

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2008

# Dalegrand v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4766

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"Dalegrand v. Atty Gen USA" (2008). *2008 Decisions.* Paper 786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4766 and 07-2800
_____

EMMANUEL DALEGRAND,
                                    Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                    Respondent

_____

On Petitions for Review of Two Orders
of the Board of Immigration Appeals
Agency No. A97 519 219
Immigration Judge: Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008

Before: FUENTES, ALDISERT and GARTH, Circuit Judges

(Opinion filed:   July 28, 2008)

_____

OPINION
_____

PER CURIAM

        Emmanuel Dalegrand petitions for review of two orders of the Board of

Immigration Appeals (Board or BIA).  The first order sustained the Department of

Homeland Security's (DHS's) appeal from the order of an Immigration Judge (IJ), which had granted Dalegrand deferral of removal pursuant to the United Nations Convention Against Torture (CAT). The second order denied Dalegrand's motion to reconsider the denial of a motion to reopen. We have consolidated the two petitions, see 8 U.S.C. § 1252(b)(6); and will deny the petitions, based on our recent decision in Pierre v. Attorney General, ___ F.3d ___, 2008 WL 2331388 (3d Cir. June 9, 2008) (en banc).

Dalegrand, a Haitian citizen, entered the United States in 1981. In 2006, Dalegrand, proceeding pro se, was found removable for having been convicted of an aggravated felony. The Immigration Judge granted a deferral of removal under the CAT,[1] finding that due to Dalegrand's probable indefinite detention upon returning to Haiti and his need for heart medication he would likely be subject to intentional infliction of severe pain and suffering. The BIA sustained the DHS's appeal, finding that Dalegrand had not satisfied his burden of proof for deferral of removal.[2]

The BIA noted that general prison conditions in Haiti did not constitute torture, citing Auguste v. Ridge, 395 F.3d 123, 152-54 (3d Cir. 2005) and Matter of J-E-, 23 I&N Dec. 291, 300 (BIA 2002). The BIA discounted the IJ's finding that medication would not be available to Dalegrand in prison, noting that the country report only stated that

---

[1] Dalegrand was ineligible for other relief from removal, such as asylum or statutory withholding of removal, because of his aggravated felony.

[2] Dalegrand was represented by counsel for his appeal to the BIA and continues to be represented in connection with his petitions for review.

2

"dispensary supplies were limited." The BIA disagreed with the IJ's statement that Haitians with mental defects or diseases warranted protection under the CAT, citing Matter of J-F-F-, 23 I&N Dec. 912 (A.G. 2006), which concerned the return of an alien to the Dominican Republic who feared he would suffer due to a lack of medication. The BIA rejected Dalegrand's argument that Haitian prison officials would intentionally steal what medication he had, and that he would then exhibit aberrant behavior, for which the officials would torture him. The BIA concluded that Dalegrand had not presented any competent evidence to support this "entirely speculative chain of events." The BIA recognized that torture sometimes occurred in Haitian prisons, but found the record evidence insufficient for establishing that it is more likely than not that Dalegrand would be tortured. Dalegrand filed a timely petition for review of this decision, docketed at C.A. No. 06-4766.

Dalegrand filed a timely motion to reopen before the BIA to present evidence that he had been diagnosed with schizophrenia since the time of the original BIA decision, and that he had been prescribed medications for his mental illness. He argued that the Board had regularly granted deferral of removal relief to mentally ill Haitian deportees, and that because of his mental illness, it was more likely than not that he would be tortured in Haitian prisons. The BIA found that the evidence was new, but that it was "not sufficiently material to the question of deferral of removal eligibility to warrant a plenary hearing." App. at 128. The BIA then noted that its unpublished decisions

3

granting relief to Haitian deportees predated Matter of J-F-F-. The BIA reiterated that even if medicine would be unavailable to Dalegrand in prison, he had not shown that the unavailability was the "product of any intent by prison officials to harm the respondent, as opposed to being due to the scarcity of such medication in Haitian prisons generally." App. at 129.

Dalegrand then filed a timely motion to reconsider the denial of his motion to reopen (App. 111-24), arguing that the BIA had failed to consider or follow Lavira v. Attorney General, 478 F.3d 158 (3d Cir. 2007), which had been issued two days before the BIA decision denying the motion to reopen. Lavira, like Auguste, involved a claim that placement in Haiti's detention facility would constitute torture. Unlike in Auguste, however, this Court granted the petition for review in Lavira, emphasizing that the IJ had denied the CAT claim without focusing on whether the likelihood of torture is affected by the petitioner's specific circumstances–in that case, an HIV-positive above-the-knee amputee. 478 F.3d at 171-72. Auguste did not preclude relief, this Court stated, because "a finding of specific intent could be based on deliberate ignorance or willful blindness," mental conditions which the record supported. Id. at 171. Dalegrand also argued that the BIA should reconsider because it had departed from its unpublished case law.

The BIA denied the motion to reconsider. The BIA stated that it discussed in both of its previous decisions "whether the Haitian government acquiesces (e.g. 'willful blindness') in torture of individuals suffering with the medical disabilities described by

4

the respondent, finding that the conditions in the Haitian prisons were due to the scarcity of medical services and medication found in Haiti, and not due to the willful acquiescence of the Haitian government." App. 3. The BIA also distinguished Lavira, noting that Lavira's "disabilities were in part due to a leg that had been amputated as a result of a machete attack while previously living in Haiti that was inflicted due to his political opinion and opposition to government policies," and that Lavira had established that Haitian authorities would be motivated, in part, due to his political opinion. The BIA found that Dalegrand's allegation that inmates with disabilities in Haitian prisons would be tortured was mere speculation, similar to the claim in Matter of J-F-F-. The BIA found that reconsideration was not warranted.

Dalegrand filed a timely petition for review of this decision, which was docketed at C.A. No. 07-2800. The two petitions were consolidated for decision. Dalegrand filed a counseled brief, arguing that the BIA misunderstood and misapplied Lavira, that it arbitrarily departed from its unpublished caselaw, and that it failed to apply the clearly erroneous standard to its review of the IJ's findings of fact.

The Government filed a brief arguing that no record evidence compels reversal of the BIA's finding that Dalegrand failed to meet his burden of showing that it is more likely than not that he will be tortured. The Government argues that the BIA did not engage in improper factfinding, and that it did not abuse its discretion in denying Dalegrand's motion for reconsideration. Dalegrand filed a reply brief refuting the

5

Government's arguments.

A brief was also filed by Amicus Curiae International Law, Criminal Law, Constitutional Law, and Immigration Law Professors in support of Dalegrand. The amicus brief argues that the BIA improperly applied a heightened "specific intent" standard to the CAT claim.

Dalegrand raises the same types of issues that recently have been resolved by our Court in Pierre v. Attorney General, ___ F.3d ___, 2008 WL 2331388 (3d Cir. June 9, 2008) (en banc). In Pierre, we held that "[t]he lack of medical care and likely pain that" a petitioner such as Dalegrand "will experience is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons, which exist because of Haiti's extreme poverty." Id., at *7. However, we held "that this unintended consequence is not the type of proscribed purpose contemplated by the CAT" and that "Pierre [wa]s unable to show that the Haitian authorities specifically intend[ed] to cause him severe pain or suffering." Id. at *7, *9. Here, Dalegrand similarly did not present any evidence that Haitian authorities specifically intended to inflict severe pain or suffering on him for any of the purposes prohibited by the CAT. Thus, the BIA did not err in holding that Dalegrand did not meet his burden of showing that it was more likely than not that he would be "tortured," as the law defines that term, when he is returned to Haiti. We therefore will deny the petition for review challenging the BIA's initial decision.

As to his motion for reconsideration, we find that the matters raised by the motion

are no longer an issue.  Dalegrand asked the BIA to reconsider its decision in light of

Lavira, which we overruled.  Dalegrand also argued that the BIA overlooked its own

precedent in denying his motion to reopen.  However, the BIA's decision, in retrospect, is

consonant with our decision in Pierre, which has precedent over BIA decisions.  We will

thus deny the petition for review that challenges the BIA's decision denying the motion

for reconsideration.